ISIDOR GOLDSTEIN, Appellant, *v.* HERMAN HARJES, Respondent.

First Department, February 4, 1927.

**Landlord and tenant — action by assignee of tenant to recover $20,000 deposited with landlord, less credit for cost of eviction of tenant and amount of rent accrued — complaint alleges that lease contains stipulation that said amount was liquidated damages, and furthermore that it should not be considered as payment of rent due or release tenant from obligations of lease — complaint states cause of action to recover penalty — if said amount were security then action is premature, term of lease not having expired.**

The complaint, in an action by the assignee of a tenant who had been evicted, to recover $20,000 deposited with the landlord, less the amount due for rent accrued and for the expenses of dispossess proceedings, states a cause of action on the theory that the amount deposited constitutes a penalty and not liquidated damages, since the complaint alleges that, while the lease provides that the amount deposited should be considered as liquidated damages in case the tenant was dispossessed, it also provides that the retention of that amount by the landlord should not be considered as payment of any rent due or to become due by reason of the lease or in any manner release the tenant from such rents to be paid or from any of the obligations of the lease.

If, as pleaded in the complaint, the tenant was to remain liable for rent to accrue under the lease after eviction, then the sum of $20,000 would be disproportionate to the actual damages and would constitute a penalty, recoverable by the tenant or his assignee.

*It seems,* that if the lease, which was not pleaded, actually provided that the sum of $20,000 should remain as security until the end of the term, then this action is prematurely brought, for the term of the lease has not expired, but apparently there is nothing in the lease to support this theory.

APPEAL by the plaintiff, Isidor Goldstein, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 11th day of May, 1926, granting defendant's motion to dismiss the complaint on the ground of insufficiency, and also from a judgment entered in said clerk's office on the 9th day of June, 1926, pursuant to said order.

*George W. Glaze* of counsel [*Milton C. Weisman,* attorney], for the appellant.

*Winfred C. Allen* of counsel [*Salter & Steinkamp,* attorneys], for the respondent.

FINCH, J. The question in substance presented for review is whether the complaint states an action to recover a deposit under a written lease, upon the ground that it is a penalty and not liquidated damages. The appeal is from an order granting a motion to dismiss the complaint for insufficiency and from the judgment entered thereon.

The complaint sets up five causes of action, each cause of action being progressively carried forward so that the fifth cause of action embodies all the other causes of action. The complaint is by an assignee under a written lease to recover the sum of $20,000 deposited as security, less an amount due for rent accrued and for the cost of a dispossess proceeding, amounting in all to $1,300, for which an allowance is duly made. The tenant was dispossessed for the non-payment of two months' rent. The plaintiff claims that, notwithstanding the express provision in the lease that the $20,000 deposited as security for the performance by the tenant of all the covenants of the lease shall constitute liquidated damages in the event that the tenant is dispossessed, nevertheless it is a penalty and can be recovered as such. The written lease is not in the record. It is impossible, therefore, satisfactorily to dispose of the question presented. In the 9th paragraph of the complaint the pleader sets forth his conception of a portion of the lease, as follows:

" *Ninth.* That in and by the said lease it was further provided that in the event that the said tenant be dispossessed from the said premises,. that then and in that event the said sum of $20,000 shall belong to the landlord as fixed liquidated and accrued damages in payment of such disbursements, costs and expenses as he may undergo for the purpose of regaining possession of said premises, and for the loss of the benefits accruing to him under this lease, and it was further covenanted and agreed in and by the terms of the said lease that the retention by the said landlord of the said sum of $20,000 shall not in any manner be considered as payment for any rent due or to become due by reason of the said lease, or in any manner release the tenant from such rents to be paid or from any of the obligations assumed under and pursuant to the said lease by the said tenant."

By this paragraph the pleader, after alleging what shall happen in the event of a dispossession of the tenant from said premises, goes on to allege that the forfeiture of this sum of $20,000 shall not in any manner release the tenant from the rents to be paid or from any of the obligations to be assumed under the lease. If this is an allegation — and it would seem to be so intended — that the tenant is still to remain liable to the landlord after eviction for any deficiency in rent to the end of the period covered by the lease and for the breach of any other covenants of the lease, then if the landlord obtained all the amounts due him under the lease, it is obvious that the $20,000 would be disproportionate to the ascertained damage that had accrued, namely, $1,300. Under such circumstances the $20,000 would constitute a penalty. In *Seidlitz*

v. *Averbach* (230 N. Y. 167) the action was brought by an evicted tenant to recover the sum of $7,500 deposited as security for performance under an agreement, which provided that in the event of default " the damages sustained by the said landlord be and they are hereby fixed and liquidated at the amount of Seven thousand five hundred Dollars, in payment of which the landlord shall retain the said sum of Seven thousand five hundred Dollars so deposited as aforesaid, without any deduction or offset whatever." The lease further provided that in the event the tenant was dispossessed by summary proceedings, the tenant should remain liable for rent until such time as the lease should have expired. The tenant was dispossessed for non-payment of rent. The court, by ANDREWS, J., said: " If the $7,500 is liquidated damages it would at once be due were the tenants dispossessed for the non-payment of rent. In such a case it would fix the amount of their liability. (*City of New York* v. *Seely-Taylor Company,* 149 App. Div. 98; affd., 208 N. Y. 548.) Yet it is agreed that after dispossession they shall remain liable for any deficiency which may result from reletting the premises to the end of the term of the lease. The two clauses are consistent only if the $7,500 is regarded as security. The landlord is not entitled both to retain this sum and to enforce this liability."

If the lease had provided that this sum of $20,000 should remain as security until it was seen at the end of the term whether all deficiencies, if any, would be paid by the tenant and the landlord made whole, the action would be prematurely brought. The difficulty with this contention, however, is that the plaintiff has alleged that in the event the tenant is dispossessed from the premises, this sum shall belong to the landlord as fixed, liquidated and accrued damages, and, so far as appears, there is nothing in the lease which provides that this sum shall stand as security until the end of the period covered by the lease. In other words, the complaint alleges that in the event of dispossession of the tenant, the $20,000 shall become immediately due as liquidated damages, and there is shown no intention of the parties that the $20,000 is to remain as security until the end of the lease. Thus the only way in which the $20,000 might be held by the landlord, namely, as security, is negatived by the terms of the lease.

If, on the other hand, the lease does not provide that the tenant shall remain liable upon the covenants of the lease, including a liability for the rent until the end of the period covered by the lease, then whether the $20,000 constitutes liquidated damages or a penalty depends upon the terms of the written lease and the expressed intention of the parties in the light of the admitted facts

and the extrinsic circumstances. (*Seidlitz* v. *Auerbach, supra.*) The test was laid down by Judge Vann in *Curtis* v. *Van Bergh* (161 N. Y. 47, 52): " These authorities show that the courts have struggled hard against the apparent intention of the parties, in order to relieve the one in default from an improvident bargain. It is, however, the law of this State, as settled by this court, that where the language used is clear and explicit to that effect, the amount is to be deemed liquidated damages when the actual damages contemplated at the time the agreement was made ' are in their nature uncertain and unascertainable with exactness, and may be dependent upon extrinsic considerations and circumstances, and the amount is not, on the face of the contract, out of all proportion to the probable loss.' (*Ward* v. *Hudson River Building Co.,* 125 N. Y. 230; *Little* v. *Banks,* 85 N. Y. 258; *Kemp* v. *Knickerbocker Ice Co.,* 69 N. Y. 45, 57; *Clement* v. *Cash,* 21 N. Y. 253; *Bagley* v. *Peddie,* 5 Sandf. 192; S. C., 16 N. Y. 469; *Dunlop* v. *Gregory,* 10 N. Y. 241; *Cotheal* v. *Talmage,* 9 N. Y. 551.) "

It follows that the judgment and order appealed from should be reversed, with costs, and the motion denied, with ten dollars costs, with leave to the defendant to answer within twenty days from service of the order to be entered hereon upon payment of said costs.

Dowling, P. J., Merrell, McAvoy and Proskauer, JJ., concur.

Judgment and order reversed, with costs, and the motion denied, with ten dollars costs, with leave to the defendant to answer within twenty days from service of order upon payment of said costs.