MANHATTAN SYNDICATE, INC., Appellant-Respondent, *v.* JOHN RYAN et al., Respondents-Appellants.

First Department, October 24, 1961.

324

*Marvin Usdin* for appellant-respondent.

*Sidney N. Zipser* of counsel (*Howard E. Levitt* with him on the brief; *Zipser & Levitt,* attorneys), for respondents-appellants.

BREITEL, J. P. Landlord and tenants cross-appeal from denial of cross-motions for summary judgment in an action brought by landlord against tenants to recover $10,500. That sum is claimed under an agreement collateral to the lease which provided for repayment of such sum in the event of breach of the terms of the lease by tenants.

In 1958 plaintiff landlord's predecessor and tenants' assignors made a lease for premises to be used as a bar and grill on Third Avenue, near 32nd Street, in Manhattan, an area which has been the scene of marked redevelopment following the elimination of the elevated rapid transit line on the avenue.

The lease, in the standard Real Estate Board form, was for a term of five years, expiring in 1963. In 1960 landlord and tenants, parties in this action, entered into a written agreement under which tenants gave landlord the privilege of terminating the lease on 60 days' notice on the following considerations: Landlord paid tenants $10,500 and agreed that in the event of termination by cancellation landlord would pay to tenants the sum of $400 per month for each full month from the date of the tenants' relinquishing possession until the original expiration date of the lease. The agreement further provided, and this is the clause involved in suit, that if the tenants breached the lease in any manner the tenants would forfeit all right to any additional payments and would repay to the landlord the $10,500 paid on execution of the 1960 agreement.

Thereafter tenants were delinquent in the payment of rent. A summary proceeding was brought to evict the tenants, landlord asserting a forfeiture of the leasehold in accordance with the terms of the lease. In the summary proceeding tenants paid the accrued rent, the rent was actually accepted by landlord, and the summary proceeding was dismissed. As a consequence, and the parties do not dispute this, the lease subsists. Plaintiff landlord contends in this action, however, that because of the provision in the 1960 agreement it is entitled to the return of the $10,500 in accordance with the literal terms of the agreement. Tenant argues that the lease and the collateral agreement are to be read together, that so long as the lease subsists there is no right to recover the sum, and that as a matter of law not only has the forfeiture of the term been waived but the breach of the covenant to pay rent as well. To this landlord argues that, although the forfeiture of the term might have been waived, the breach of covenant was not and the right to recover the sum follows as a matter of course.

For reasons stated below there are issues of fact in this case requiring a trial and, therefore, the cross-motions for summary judgment were properly denied. At least this is required on the present record.

The clause in suit, contained in the collateral agreement, reads as follows: " In the event that Tenant shall relinquish possession for any reason other than the receipt of a notice as provided for in this agreement, then Tenant shall not be entitled to any further payments from Landlord for the relinquishment of such possession. Should Tenant breach the lease and/or the terms of its occupancy of the premises in any manner, prior to or subsequent to the receipt of notice sent in accordance with the terms of this agreement, the Tenant shall forfeit all right

to any additional payments provided for in this agreement, or otherwise, and shall repay the Landlord the said Ten Thousand Five Hundred Dollars ($10,500) delivered herewith, and Landlord shall be entitled to all other remedies provided in the lease and by law."

It is immaterial whether the lease and the 1960 agreement are identified as a modification of the one by the other or whether they are otherwise construed as a unity. Assuming, as argued by landlord, that only the forfeiture was waived and not the breach, it does not necessarily follow that landlord is entitled to recover the sum. For, if such sum is to be repaid to landlord, although landlord retains the right to cancel the lease on 60 days' notice as provided in the collateral agreement, then the consideration received and to be received by tenants for the option is forfeited for the breach. It is elementary law that a penal forfeiture, as distinguished from proportionate liquidated damages, will not be recognized and enforced (*Wirth & Hamid Fair Booking, Inc.* v. *Wirth,* 265 N. Y. 214, 223; 14 N. Y. Jur., Damages, § 156 *et seq.*; 20 N. Y. Jur., Equity, § 60 *et seq.*; 5 Corbin, Contracts, ch. 58, p. 266 *et seq.*). It makes no difference that tenants would be forfeiting the price already received for the option rather than being required to yield up a fresh penal sum.

If repayment of the consideration were landlord's only remedy, and if it were reasonably proportionate to the damage sustained by landlord as a consequence of tenants' breach, then the provision for repayment might be sustained. But the collateral agreement also provided that landlord had preserved to it all remedies for breach in addition to being entitled to repayment of the consideration for the option. This may suffice to make the provision a penal forfeiture and invalid (*Seidlitz* v. *Auerbach,* 230 N. Y. 167, 174; *Wirth & Hamid Fair Booking, Inc.* v. *Wirth, supra,* especially p. 225; *Goldstein* v. *Harjes,* 219 App. Div. 275, 277).

The discussion thus far has assumed that the option contained in the 1960 agreement continues despite the obligation of tenants to refund the consideration received for the option. In short, it has been assumed that the claim to the refund is not, in effect, a recission, for breach, of the 1960 agreement. As a matter of fact the present record does not show whether either landlord or tenants contend as much. At the same time the court on a reading of the agreement may not determine, as a matter of law, whether the collateral agreement provides for a continued option in the landlord, despite landlord's election to claim the refund. In this respect, at least on the present showing, the

agreement may be ambiguous. If it is, its clarification may require a trial.

If, of course, the option in landlord does not survive landlord's election to claim the refund then there would still be a residual question of fact whether, especially after an extended period (always in contemplation) in which the option has been enjoyed by landlord, repayment of such consideration amounts to a penal forfeiture which the court would not recognize or enforce.

Thus, on any analysis, at least a question of evaluation is involved, that is, an evaluation of the option and the covenant breach for which landlord claims the right to refund of the consideration. Notably, that breach was a delay in the payment of money rents. In this context it is a relevant general rule that a failure to pay a sum of money due will rarely, if ever, justify a further sum, in excess of interest, to be paid by way of liquidated damages. On the contrary, such a requirement is likely to be condemned as a penal forfeiture which the law will not recognize (*Caesar* v. *Rubinson*, 174 N. Y. 492, 497; *Stimpson* v. *Minsker Realty Co.*, 177 App. Div. 536, 539; 14 N. Y. Jur., Damages, § 167).

Of course, the 1960 agreement pertains not only to nonpayment of rent but to any breach of the lease and, accordingly, the provision for repayment may be unenforcible because it relates to breaches of both a substantial and trivial nature. Provision for repayment of the substantial sum, regardless of the nature of the breach, may amount to exaction of a penalty (*City of New York* v. *Brooklyn & Manhattan Ferry Co.*, 238 N. Y. 52; *Seidlitz* v. *Auerbach*, 230 N. Y. 167, 173, *supra*; 14 N. Y. Jur., Damages, § 164).

True, the parties to the 1960 agreement may have intended that the entire consideration for the option should be repaid or cancelled in the event of and only if tenants' breach gave rise to a forfeiture of the 1958 leasehold, for then landlord would have no occasion to benefit from any option given in 1960; but the language of the agreement does not so provide. Literally, the agreement relates not alone to a breach giving rise to a forfeiture of the leasehold but to any covenant breach no matter how trivial. If such literal reading prevails then the rules of law pertaining to penal forfeiture come into play.

It thus appears that a penal forfeiture may be involved here, if there is disproportion in requiring a refund of the lump sum payment for the option, albeit the obligation on breach is for repayment of a sum previously advanced rather than new money. The formal aspect of repayment may not disguise a penal for-

feiture, if one there be. Hence, the necessity for an evaluation, at least on whether there was any reasonable relation between the breach and consequence imposed. Whether the option survives the breach and landlord's election to reclaim the lump sum payment and whether the reservation of all remedies in addition to the refund involve a penal forfeiture, on this record and on the contentions presently advanced by the parties, should not now be finally determined.

Accordingly, the order denying the cross-motions for summary judgment should be affirmed, without costs to either party, and without prejudice to the renewal of such motions, if the parties or either of them be so advised.

VALENTE, MCNALLY, STEVENS and STEUER, JJ., concur.

Order entered on March 3, 1961, denying the cross motions for summary judgment, unanimously affirmed, without costs to either party, and without prejudice to the renewal of such motions, if the parties or either of them be so advised.