OPINION OF THE COURT
Donald J. Corbett, Jr., J.
Claimants here seek, inter alia, an acceleration of payments under CPLR article 50-B, and to compel the Comptroller of the State of New York to make a full payment of the judgment of this court. A brief history of this matter is in order. On or about November 20, 1995, an order with a stipulation directing entry of a judgment under CPLR article 50-B was filed and a judgment consistent therewith was entered by the Chief Clerk of the Court of Claims. The defendant thereupon took an ap *766 peal to the Appellate Division, Fourth Judicial Department, which unanimously affirmed the decision of the trial court, with costs on September 27, 1996 (231 AD2d 889). The defendant sought leave to appeal to the Court of Appeals, which was denied (89 NY2d 808).
On or about February 27, 1997, purportedly in accordance with section 20 of the Court of Claims Act, the Office of the Comptroller was served by the claimants with a certified copy of the judgment and notice that the defendant had exhausted all of its appeals. On or about March 14, 1997, in response to a written request from the defendant’s counsel, claimants provided a written breakdown of all the calculations of payments due with interest amounts. Until the argument of this motion on June 25, 1997, some four months after service of the certified judgment upon the Comptroller and some 31/2 months after providing the purported amounts due, the defendant had not responded to or communicated with the claimants.
Not surprisingly, claimants seek the instant relief. The Court of Appeals has succinctly summarized the purposes of CPLR article 50-B as part of the State’s effort at tort reform, and noted that: "Though the statutory scheme of article 50-B is technical and complicated, its basic operation is easily stated. Past damages are paid in a lump sum (CPLR 5041 [b]). Future damages * * * are bifurcated * * * The first $250,000 is paid as a lump sum (CPLR 5041 [b]). The remainder, after the subtraction of attorney’s fees and other adjustments, is to be paid in periodic installments (CPLR 5041 [e]). To provide for these periodic payments, subdivision (e) further specifies that defendants are to purchase an annuity contract.” (Rohring v City of Niagara Falls, 84 NY2d 60, 66.)
To my knowledge, the question of accelerating a structured judgment under article 50-B has only been reviewed on one pertinent occasion in Doe v State of New York (159 Misc 2d 83), where the claimants therein unsuccessfully sought acceleration to a lump-sum payment after that defendant, also the State of New York, was some six days late with an annuity payment. As the court noted there, article 50-B does not define what constitutes the failure " 'to make a payment in a timely fashion’ ” (supra, at 85-86). The court in Doe of course was looking at a payment due on the first of the month, but delivered "late” on the seventh, and found that claimants did not meet their burden of showing the defendant’s noncompliance. The court also found the legislative intent was clear by the plain meaning of the words employed, and thus no further *767 examination of legislative history was called for. I do not have a similar de minimis delay, and have thoroughly reviewed the Bill Jacket of chapter 682 of the Laws of 1986, which provides no guidance and indeed has no reference to the timeliness question.
Thus, I must review the statute, keeping in mind the Court of Appeals admonition that the statutory scheme is technical and complicated (Rohring v City of Niagara Falls, supra, at 66). CPLR 5042 requires that "Security * * * for payment of * * * periodic installments * * * must be in the form of an annuity contract, executed by a qualified insurer and approved by the superintendent of insurance * * * and approved by the court.” (Emphasis supplied.) As of this date no annuity contract has been provided to me for approval.
CPLR 5043 (a) provides that a party (or liability insurer) liable for a judgment for periodic installments is obligated to post security within 30 days after the date the judgment (or presumably the exhaustion of all appeals) is entered. As of the date this motion was heard, which is some 120 days after the service of the judgment upon the Comptroller, no security has been posted. CPLR 5043 (b) provides a permissive remedy for the judgment creditor, who may move the court to find such security has not been posted, and if so found, the court shall order that proper security be posted within 30 days. If security is not posted within that time, the court shall enter a judgment for the lump sum due. When the court considered the late payment in Doe (supra, at 85), the defendant had already posted the annuity contracts and they had been approved by the court. Here, of course, neither event has occurred, and the statute does not imply that relief under CPLR 5043 (b) is mandatory or a condition precedent to relief sought under CPLR 5044.
CPLR 5044 addresses the failure to make payment: "If at any time following entry of judgment, a judgment debtor fails for any reason to make a payment in a timely fashion according to the terms of this article, the judgment creditor may petition the court * * * for an order requiring payment by the judgment debtor of the outstanding payments in a lump sum” (emphases supplied).
After summary judgment finding liability by the defendant, after a trial on damages, after an unsuccessful appeal to the Appellate Division, after a futile motion for leave to appeal to the Court of Appeals, after the last possible avenue of appeal was extinguished and after waiting some four months after service of a copy of the certified judgment upon the Comptrol *768 ler, the claimants began to wonder how they could enforce this final judgment against the State of New York. This is not some potentially insolvent defendant shirking its financial obligations, nor some corporate giant attempting to overpower an individual litigant, this is the State of New York which has been found liable to pay damages by a court created for the very purpose of compensating individuals who have been injured through the culpable conduct of the State.
A judgment debt is owed and it is not being paid. That is why claimants are forced to seek the court’s involvement yet again. And that is why, due to the defendant’s utter disregard of its statutory and court-ordered obligations, and its failure to make payments in a timely fashion, I grant the motion herein and direct the immediate payment of the full lump sum of future "periodic” payments, as hereinafter noted, to the claimants. While the statute may be invoked when the failure to make payment is for any reason, here the reasons or excuses presented in court addressed supposed internal procedures at the insurance carrier for the defendant. Apparently disbursements above certain amounts of money needed "corporate” as opposed to local or regional approval, and at that needed the specific approval of the chief corporate counsel, who was involved with a takeover of Aetna, another insurance company. In other words, the defendant was too busy to make timely payment. While the statute provides a mechanism to assure compliance when payment is late for any reason, here the excuse is at best hardly compelling and at worst cavalier and insulting.
Accordingly, I find that the remedies pursuant to CPLR 5044 are in order. The statute in fact provides specific directives to the court, to wit, "[i]n calculating the amount of the lump sum judgment, the court shall total the remaining periodic payments due * * * and shall not convert these amounts to their present value.” I find that no periodic payments as required have been paid.
Thus, as to future pain and suffering, claimant Robert Uderitz is entitled to payment of $2,424 per month for the first year, with the monthly payments in each succeeding year to be computed by adding 4% to the payments made in the previous year, for a total of 10 years. The total of such payments is $349,233.63.
As to future lost earnings, claimant is entitled to payment of $2,303.67 per month for the first year, with the monthly payments in each succeeding year to be computed by adding 4% to *769 the payments made in the previous year, for a total of 12.62 years. The total of such payments is $442,814.55.
Therefore, as required by CPLR 5044, I direct payment, in a lump sum, to claimant Robert Uderitz, the sum of $792,048.18. The statute recites that: "The court may also require the payment of interest on the outstanding judgment” (emphasis supplied). Since neither the statute nor the Bill Jacket provides any direction, I am left merely to muse upon the Legislature’s intentions in clearly mandating the method of calculating the lump-sum judgment and its similarly intentional, yet unguided, permissiveness in the awarding of interest. Given the casual attitude of defendant’s carrier to the timely payment of the judgment amounts herein, and in the exercise of my discretion, I direct the payment of interest on the sum of $792,048.18 from December 30, 1992, the date of the order determining liability.
At the oral argument of this motion, the defendant indicated that certain checks were being prepared, impliedly lump-sum payments of total past damages, future damages outside of CPLR article 50-B (the first $250,000), derivative damages, etc. To the extent that any payments may have been made since argument of this motion, the final judgment will be offset accordingly. I make no adjustment in the award of CPLR article 50-B attorney’s fees of $278,059.
The defendant is ordered to make any and all payments due and owing herein. To the extent that this decision affects the calculation of interest or that it is inconsistent with any provisions of the judgment dated November 20, 1995, this decision and order shall be deemed to supersede said judgment.