OPINION OF THE COURT
 

 Per Curiam.
 

 This motion for leave to appeal by defendant City of New York presents a recurring finality issue regarding a particular type of conditional order. Specifically involved is the finality of an Appellate Division order reversing a judgment and directing a new trial unless a party stipulates to a different damages award. The fundamental finality problem with such an order is that it is not self-executing. It cannot be given effect immediately, but rather contemplates further action by a party, and possibly by a court, before the result of the appeal taken to the Appellate Division is known.
 

 Plaintiff Gary Whitfield brought this negligence action against defendant City of New York for injuries sustained in a fire in a building owned by defendant City. After a trial, the jury awarded plaintiff a total of $10,351,000. Upon defendant’s oral postverdict motion, Supreme Court reduced the award to the principal sum of $7,402,000 and judgment was entered. Defendant appealed from the judgment.
 

 The Appellate Division reversed the judgment, on the facts and as an exercise of discretion, and granted a new trial on the issue of damages, unless within 20 days after service upon plaintiff of a copy of the Appellate Division order with notice of entry, plaintiff stipulated to reduce the award for past pain and suffering from the principal sum of $4,000,000 to $3,000,000
 
 *780
 
 and to reduce the award for future pain and suffering from the principal sum of $2,000,000 to $1,000,000, "and to the entry of an amended judgment accordingly.” (239 AD2d 492.) The order further provided that "[i]n the event that the plaintiff so stipulates, then the judgment, as so reduced and amended, is affirmed”
 
 (id.).
 

 On
 
 May 28, 1997, plaintiff stipulated to a reduction in damages and to the entry of an amended judgment. Defendant now seeks leave to appeal from the Appellate Division order. An amended judgment has not yet been entered or apparently even rendered.
 

 Appellate Division conditional orders reversing a judgment and directing a new trial unless a party stipulates to a different amount of damages have generally taken three forms. At times, the Appellate Division has reversed and ordered a new trial unless a party simply stipulates to a reduced or enhanced damages award. In other instances, the Appellate Division has required not only that the party must stipulate, but also that an amended judgment be entered on the stipulation. Finally, the Appellate Division has also issued orders, such as the present one, where the order itself provides that the amended judgment entered on the stipulation is then deemed affirmed.
 

 In analyzing which paper is the final appealable paper for purposes of taking an appeal pursuant to CPLR 5601 or making a motion for leave to appeal pursuant to CPLR 5602,
 
 *
 
 strict attention should be paid to the express language of the Appellate Division order. Thus, if the order provides only for the execution of a stipulation, the stipulation is the final paper. If the Appellate Division order dictates a stipulation followed by an amended judgment, the judgment is the final paper. Where the Appellate Division order directs the entry of an
 
 *781
 
 amended judgment and specifies that, in that event, the amended judgment is affirmed, the Appellate Division order will be viewed as the final paper once the amended judgment is entered. In this latter instance, this Court is acknowledging that the Appellate Division is expressly holding the appeal in abeyance pending execution of an amended judgment and then affirming that judgment. To the extent that previous determinations of this Court may indicate to the contrary, they are no longer to be followed.
 

 The specific language of the Appellate Division order also has significant timeliness consequences. Where the Appellate Division order provides only for the execution of a stipulation, that stipulation shall effectively be treated by this Court for timeliness concerns as a final judgment, and the appeal or motion for leave to appeal must be made to this Court within 30 days (or 35 if served by mail) of the time the appellant or movant is served with the stipulation with written notice of entry. In this limited instance, entry of a judgment upon the stipulation and the taking of an appeal or the making of a motion from such judgment may have fatal consequences. In contrast, where the judgment of Supreme Court is the final paper, a party must appeal or move for leave to appeal within 30 days (or 35 if served by mail) of service upon the appellant or movant of that judgment with written notice of entry. And, it necessarily follows that if the Appellate Division order is the final paper, computation of the time to appeal or move for leave to appeal will commence upon service of the Appellate Division order with written notice of its entry, provided that such service is made after the judgment has been entered.
 

 Applying the foregoing analysis to the present case, the motion for leave to appeal must be dismissed for nonfinality. In this action, the Appellate Division order expressly states that, in the event the plaintiff stipulates to a reduction in damages and entry of a judgment reflecting that stipulation, the amended judgment entered on the stipulation is affirmed. While a stipulation has been entered into, an amended judgment has not yet been entered and, thus, could not yet have been affirmed by the Appellate Division. At present no final paper exists in this action.
 

 Accordingly, the motion for leave to appeal should be dismissed, without costs, upon the ground that the order of the
 
 *782
 
 Appellate Division sought to be appealed from does not finally determine the action within the meaning of the Constitution.
 

 Motion for leave to appeal dismissed, without costs.
 

 *
 

 It is important to emphasize that the party who stipulates to the reduction or enhancement of the damages award camiot appeal or seek leave to appeal inasmuch as that party is not aggrieved
 
 (see, e.g., Plotkin v New York City Health & Hosps. Corp., Iv dismissed
 
 88 NY2d 917,
 
 rearg denied
 
 88 NY2d 1065 [holding defendant who stipulated to increase in damages waived right to contest all issues determined by the Appellate Division order sought to be appealed from];
 
 Sharrow v Dick Corp., appeal dismissed in part
 
 84 NY2d 976, 977 [holding nonaggrieved a defendant who stipulated to an increase in damages to avoid new trial and sought to appeal liability issue];
 
 Sogg v American Airlines, Iv dismissed
 
 83 NY2d 846 [holding plaintiff who stipulated to reduction in damages not a party aggrieved];
 
 Gilroy v American Broadcasting Co., Iv dismissed
 
 43 NY2d 825 [holding nonaggrieved plaintiff who sought leave to appeal punitive damages claim after stipulating to reduction in compensatory damages]). Only the nonstipulating party may appeal or move for leave to appeal.