■ JAMES SUMMERVILLE, Respondent, v CITY OF NEW YORK, Appellant. [723 NYS2d 208] —In an action to recover damages for personal injuries, the defendant City of New York appeals from a second amended judgment of the Supreme Court, Kings County (Steinhardt, J.), entered July 7, 2000 which, upon an order of the same court dated December 10, 1999, granting the plaintiff's motion pursuant to CPLR 5044 to accelerate payment of an amended judgment of the same court entered July 6, 1999, is in favor of the plaintiff and against it in the principal sum of $3,095,558.64.

Ordered that the second amended judgment is affirmed, with costs.

This personal injury action is based on an incident which occurred on June 28, 1991, when a New York City police officer shot the plaintiff, James Summerville. The jury reached a verdict awarding damages of more than $29,000,000 to the plaintiff. Initially, the trial court granted the defendant's motion for a new trial on the issue of damages unless the plaintiff stipulated to a reduction. By decision and order dated January 11, 1999, this Court granted a new trial on the issue of damages unless the plaintiff stipulated to further reduce the award of damages (see, Summerville v City of New York, 257 AD2d 566).

An amended judgment was entered on July 6, 1999, following the plaintiff's stipulation in accordance with this Court's order. The amended judgment was served on the defendant, the City of New York, the same day, at 4:25 P.M., by personal delivery. The City concedes that any stay pursuant to CPLR 5519 (a) (1) that was in effect expired five days later on July 11, 1999, pursuant to CPLR 5519 (e). We note that, since July 11, 1999, was a Sunday, the stay actually expired on July 12, 1999. There is no evidence that the City served the plaintiff with an affidavit of intention to move for permission to appeal to the Court of Appeals, pursuant to CPLR 5519 (e) either in connection with the order of this Court dated January 11, 1999, the order from which an appeal to the Court of Appeals lay (*see, Whitfield v City of New York,* 90 NY2d 777), or in connection with the amended judgment entered July 6, 1999. The City's cross motion for a discretionary stay of the amended judgment (*see,* CPLR 5519 [c]), was denied by the Supreme Court by order dated December 10, 1999, which order also granted the plaintiff's motion pursuant to CPLR 5044. By notice of motion dated August 5, 1999, the City moved in this Court for leave to appeal to the Court of Appeals from the amended judgment. This Court treated the motion as an application for leave to appeal from the decision and order of this court dated January 11, 1999, and by order dated August 18, 1999, we denied the motion. By notice of motion dated September 23, 1999, the City moved in the Court of Appeals for leave to appeal from the amended judgment. That motion was denied by order dated November 30, 1999.

During the above period, the City refused to comply with the terms of the amended judgment. The City now appeals from the second amended judgment.

The City argues that the automatic stay which expired no later than July 12, 1999 (*see,* CPLR 5519 [e]) was revived when the City made the first of its successive motions for leave to appeal on August 5, 1999. Therefore, the City argues, it was without the benefit of a stay for a *mere* 25 days between July 11 and August 5, 1999. The City also contends that it was not obligated to purchase an annuity contract in accordance with the terms of the amended judgment, which provided for structured payments, until 30 days after the expiration of any stay, citing CPLR 5043. Therefore, it argues, at no point did it fail to meet its legal obligation to make payments in accordance with the amended judgment so as to allow the acceleration of payments pursuant to CPLR 5044. The City's argument is flawed for the reason that its notice of motion for leave to

appeal to the Court of Appeals dated August 5, 1999, did not revive the prior automatic stay. The case cited by the City in support of its argument, *383 Madison Assocs. v New York City Planning Commn.* (73 NY2d 906), is inapposite.

The City also argues that any default on its part in making payments under the amended judgment was a "minor delinquency," and that acceleration of the amended judgment pursuant to CPLR 5044 was not warranted. Assuming that the failure of a judgment debtor to make timely payments in accordance with a structured judgment does not, by itself, warrant acceleration of the judgment pursuant to CPLR 5044, and that the Supreme Court, and this Court, have discretion to determine whether acceleration is warranted in light of the particular facts of each case (*see, Uderitz v State of New York,* 173 Misc 2d 765; *cf., Doe v State of New York,* 159 Misc 2d 83), under the circumstances here, the Supreme Court providently exercised its discretion in favor of acceleration. The City's prolonged failure to comply with the amended judgment was not the result of excusable neglect, but rather part of a bad-faith effort to delay compliance for monetary advantage. Accordingly, acceleration of the judgment pursuant to CPLR 5044 was clearly warranted. Bracken, P. J., O'Brien, Goldstein and McGinity, JJ., concur.