■ DEWEY BALLANTINE LLP, Appellant, v PHILIPPINE NATIONAL BANK, Respondent. [757 NYS2d 4] —Appeal from order, Supreme Court, New York County (Marilyn Shafer, J.), entered October 2, 2002, which, in an action to recover a legal fee, granted plaintiff's motion to renew, and, upon renewal, adhered to a prior order which granted defendant's motion to dismiss the complaint on the ground of forum non conveniens on condition that defendant stipulate to the jurisdiction of the Philippine courts and waive any statute of limitations defenses, unanimously dismissed as untimely, with costs against plaintiff payable to defendant.

The appeal must be dismissed because of plaintiff's failure to serve and file a notice of appeal within 30 days after defendant served plaintiff with a copy of the October 2, 2002 order with notice of entry (CPLR 5513 [a]). We reject plaintiff's argument that its time to appeal did not begin to run until defendant filed the stipulation on which the order was conditioned and served it on plaintiff with notice of entry. It does not avail plaintiff that had the stipulation been directed by this Court, the Court of Appeals might have treated it as the final appealable paper measuring plaintiff's time to appeal (*cf. Whitfield v City of New York*, 90 NY2d 777, 781 [1997]). This Court's jurisdiction, unlike that of the Court of Appeals, does not require finality, and indeed this Court regularly reviews conditional orders.

In any event, were we to consider the merits, we would affirm. The IAS court properly weighed the relevant factors in deciding that the Philippines was a more appropriate forum to adjudicate plaintiff's claim to a fee for services rendered primarily from its Hong Kong office and involving financial transactions primarily in the Philippines (*see Islamic Republic of Iran v Pahlavi*, 62 NY2d 474, 479 [1984], *cert denied* 469 US 1108 [1985]). The issue of whether the Philippine courts are available, i.e., could entertain, and fairly consider, a dispute against a defendant allegedly controlled by the Philippine government was first raised by plaintiff on renewal, and thus it was incumbent on plaintiff to come forward with some evidence in support of the claimed unavailability. Assuming that

the newspaper articles on which plaintiff relied sufficed to show that defendant had been acquired by the Philippine government after the IAS court's original order, plaintiff offered nothing but speculation that, as a result, the Philippine courts lack either the authority to entertain the dispute or the independence to be fair. In any event, defendant's opposition satisfied any burden it had in rebuttal to come forward with evidence that the Philippine courts remain available to resolve the dispute notwithstanding their government's acquisition of an ownership interest in defendant. Based on that opposition, we are also satisfied that the Philippine courts can effectively enforce any judgment that plaintiff might obtain against defendant. Concur—Nardelli, J.P., Andrias, Saxe, Williams and Marlow, JJ.