JOANNE MOTICHKA, Respondent, v HIRAM CODY, M.D., Appellant. [773 NYS2d 46]—

Order and judgment (one paper), Supreme Court, New York County (Leland DeGrasse, J.), entered on or about August 14, 2002, which, in an action for medical malpractice, denied defendant's motion for a satisfaction piece; granted plaintiff's motion to hold defendant in default of the judgment, same court and Justice, entered October 19, 2001, and the parties' letter

agreement concerning payment of the judgment; and directed that defendant pay plaintiff (1) $40,000, (2) all future annuity payments due under the judgment without reduction to present value, and (3) liquidated damages of $1,000 a day from the date of defendant's default under the letter agreement until satisfaction of the judgment, unanimously modified, on the law, to strike the fifth decretal paragraph directing payment of liquidated damages, and otherwise affirmed, without costs.

The IAS court correctly determined that the $40,000 paid by defendant to plaintiff pursuant to the letter agreement was in addition to, not reduction of, the amount due under the judgment. Paragraph 1 of the letter simply provides that defendant "shall pay the sum of $40,000 immediately." Paragraph 2 then provides that defendant "shall pay *all* sums owing pursuant to the judgment including interest to today's date within 60 days hereof" (emphasis added). Defendant would have the Court make a new agreement by inserting the words "the balance of" before the word "all" and the words "after being credited for the $40,000" after the word "judgment" (*see Reiss v Financial Performance Corp.*, 97 NY2d 195, 199 [2001]). As used in the letter agreement, the word "all" is clear and unambiguous, and was given its proper effect by the IAS court.

The IAS court also properly accelerated the annuity payments pursuant to CPLR 5034. Plaintiff never agreed to accept a lump-sum payment in lieu of the annuity that the judgment required defendant "to offer and purchase" (*compare Sweltz v International Salt Co.*, 186 AD2d 1013 [1992], *lv dismissed* 81 NY2d 783 [4th Dept 1993]). The letter agreement simply provides for a 60-day interest-free extension of time to pay the judgment on condition that defendant immediately pay plaintiff $40,000, and never mentions the $1,059,895 that both sides agree was then the judgment's present value. Furthermore, the record shows that when plaintiff's attorney notified defendant's attorney on receipt of the lump-sum payment (for $1,019,895, i.e., present value of the judgment less $40,000) that his client had not agreed to give up the annuity, defendant's attorney effectively acknowledged as much, while explaining that the carriers had not purchased the annuity because its "current cost far exceeds the present value delineated in the judgment and would thus materially increase the overall value of the judgment." This is not a valid reason for unilaterally refusing to purchase the annuity, and we perceive no equitable considerations militating against acceleration of the annuity payments (*cf. Uderitz v State of New York*, 173 Misc 2d 765 [1997]). There is no basis for defendant's concern that the judgment on appeal awards

plaintiff a double recovery, i.e., both the accelerated annuity payments and a lump-sum payment that includes the present value of the annuity payments. Plaintiff is entitled to the $40,000 due under the letter agreement, plus accelerated periodic payments, without reduction to present value, in the amount of $210,036.52.

The liquidated damages provision in the letter agreement, calling for payment of $1,000 a day should defendant fail to pay the judgment within 60 days, is an unenforceable penalty, and we modify accordingly. Plaintiff's damages are "easily ascertainable" by, inter alia, "calculating the interest accrued from the time of the breach," and thus the true purpose of the provision is to "secure performance by threat of a large payment rather than to provide a reasonable assessment of probable damages" (*Quaker Oats Co. v Reilly*, 274 AD2d 565, 566 [2000]; *see also Truck Rent-A-Center v Puritan Farms 2nd*, 41 NY2d 420, 425 [1977]; *Manhattan Syndicate v Ryan*, 14 AD2d 323, 327 [1961]).

We have considered defendant's other arguments and find them unavailing. Concur—Andrias, J.P., Saxe, Sullivan and Gonzalez, JJ.