GCS Second Ave. Owner, LLC v Cohn (2025 NY Slip Op 01061)

GCS Second Ave. Owner, LLC v Cohn

2025 NY Slip Op 01061

Decided on February 25, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 25, 2025

Before: Kern, J.P., Friedman, Kapnick, Rodriguez, O'Neill Levy, JJ. 

Index No. 650949/23, 654036/22|Appeal No. 3755-3756, 3757, 3758, 3759, 3760|Case No. 2023-05943, 2023-05949, 2023-05963|

[*1]GCS Second Avenue Owner, LLC, Plaintiff-Respondent,
v
Richard L. Cohn, Defendant-Appellant, John Doe, et al., Defendants.

GCS Second Avenue Owner, LLC, Plaintiff-Respondent,
v
Richard L. Cohn, Defendant-Appellant, Ibrahim Merchant and Hospitality GS LLC Defendants.

Law Offices of Richard L. Cohn, New York (Richard L. Cohn of counsel), for appellant.
Law Office of Arnold E. DiJoseph, P.C., New York (Arnold E. DiJoseph III of counsel), for respondent.

Order, Supreme Court, New York County (Suzanne J. Adams, J.), entered October 18, 2023, which denied defendant Richard L. Cohn's CPLR 3211(a)(5) motion to dismiss, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly. Orders, same court and Justice, entered October 26, 2023, which, to the extent appealed from as limited by the briefs, found that the action commenced October 26, 2022 (the 2022 action) was voluntarily discontinued against Cohn on March 23, 2023, unanimously modified, on the law, to have the orders each read that the action commenced 2022 action was voluntarily discontinued on April 27, 2023, and otherwise affirmed, without costs.
The April 27, 2023, so-ordered oral stipulation of discontinuance of the 2022 action "with prejudice" as against Cohn had res judicata effect on plaintiff's subsequent action against Cohn commenced February 22, 2023 (the 2023 action), warranting dismissal. Plaintiff's claims against Cohn in the 2023 action were identical to its claims against Cohn in the 2022 action, and the order contained no reservation of rights (see Fifty CPW Tenants Corp. v Epstein, 16 AD3d 292, 294 [1st Dept 2005]).
Plaintiff's argument that the voluntary discontinuance was unconscionable is unavailing, as plaintiff does not explain how it lacked a meaningful choice to prevent it from informing the court that it was reserving its right to bring the 2023 action (see Brower v Gateway 2000, 246 AD2d 246, 253 [1st Dept 1998]). Plaintiff's argument based on mutual mistake is also unavailing, as there is no indication that Cohn was mistaken about the res judicata effect of the discontinuance. Even if only plaintiff was mistaken, plaintiff has not contended that Cohn committed fraud in leading plaintiff to agree, in open court, to discontinue the 2022 action with prejudice so as to render the stipulation invalid (see Matter of Kotick v Shvachko, 130 AD3d 472, 473 [1st Dept 2015]).
In addition, the October 2023 orders in the 2022 action, both of which found that the 2022 action "was voluntarily discontinued against [Cohn] on March 23, 2023," should have stated instead that the 2022 action was voluntarily discontinued against Cohn "on April 27, 2023." Plaintiff filed the voluntary discontinuance on March 23, 2023, after Cohn had filed a motion to dismiss and without Cohn's consent. Thus, the voluntary discontinuance was ineffective (see CPLR 3217[a][2]; BDO USA, LLP v Phoenix Four, Inc., 113 AD3d 507, 511 [1st Dept 2014]). Accordingly, the only basis for the court to have found that the 2022 action was discontinued as against Cohn was through the April 27, 2023, so-ordered discontinuance (see CPLR 3217[b]).
Cohn correctly argues that he was "aggrieved" by the October 2023 orders because the April 27, 2023 discontinuance "with prejudice" gave finality to the 2022 action as against him, whereas the March 23, 2023 discontinuance did not. Thus, at the time Cohn appealed [*2]from the order, reference to the March 23, 2023 discontinuance could conceivably have later adversely affected him (see State of New York v Philip Morris Inc., 61 AD3d 575, 578 [1st Dept 2009], lv dismissed 15 NY3d 898 [2010]).
As plaintiff has not appealed from the October 2023 order that denied its motion to vacate the April 2023 order discontinuing the 2022 action with prejudice, and it failed to perfect its appeal from the April 2023 order, this Court has no jurisdiction to modify or vacate the April 2023 order (see Dewey Ballantine LLP v Philippine Natl. Bank, 303 AD2d 178, 178 [1st Dept 2003]). While a court may modify its own order pursuant to CPLR 5015 in the interest of substantial justice (see Woodson v Mendon Leasing Corp., 100 NY2d 62, 68 [2003]), and although the interests of justice seem present here, this Court cannot modify the motion court's order absent an appeal.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 25, 2025