# THORP v. ROSS.

### December, 1868.

Where, during the performance of a contract, the contractor is prevented from proceeding by an obstacle which can not be removed without the payment of money,—*e. g.*, by the necessity of a license from the public authorities to allow part of the work to be done,—the contractor can not, without request from the employer, pay the expense and recover it from the employer in an action for money paid.

Parol evidence is not admissible to show that in the negotiations which led to the execution of a written building contract, it was verbally agreed that a disbursement necessary for part of the work should be made by the contractor.*

---

* In THOMAS *v.* HUNT, (Sept., 1867,) the same principle was applied. Samuel Thomas sued Horace Hunt and Andrew Kingsley, for stone sold and delivered to defendants, by plaintiff and his partner, Reynolds, for building canal culverts. The stone was furnished under a written contract between the parties, the only material clause of which was that plaintiff and his partner were to deliver all the stone necessary and proper for building the culverts : " said stone to be of the sizes and qualities such as the engineer in charge of the work on said section shall approve." On the trial the defendants offered to show that, at the time of making this contract, a large quantity of good stone were lying in the yard of the plaintiff, and near the quarry, and that such stone were shown to defendants as samples of their stone, and that the stone furnished to be cut were of an inferior quality to those, and cost much more to dress them, and were not as suitable for the work. Plaintiff objected to the introduction of this evidence, and the same was excluded and the defendants excepted.

*The supreme court* affirmed a judgment for the amount claimed, and defendant appealed.

*S. G. Hadley*, for plaintiff, respondent ;—Cited, Woodruff *v.* McGrath, 32 *N. Y.* 255 ; Kerr *v.* McGuire, 28 *Id.* 466 ; S. C., 28 *How. Pr.* 27 ; Davis *v.* Spencer, 24 *N. Y.* 390 ; Hoyt *v.* Thompson, 19 *Id.* 207 ; Weed *v.* N. Y. & H. R. R. Co., 29 *Id.* 618 ; Grant *v.* Morse, 22 *Id.* 323 ; *Code*, § 272, Reformed Dutch Church *v.* Brown, 24 *How. Pr.* 76, and cases cited ; affirming 29 *Barb.* 335, and 17 *How. Pr.* 287 ; Borst *v.* Spelman, 4 *N. Y.* [4 *Comst.*] 284–289 ; Dunham *v.* Watkins, 12 *N. Y.* [2 *Kern.*] 560 ; Griffin *v.* Marquardt, 17 *N. Y.* 28 ; Miller *v.* Schuyler, 20 *Id.* 522 ; Carman *v.* Pultz, 21 *Id.* 547 ; Phelps *v.* McDonald, 26 *Id.* 82 ; Bergin *v.* Wemple, 30 *Id.* 319 ; Stewart *v.* Smith, 14 *Abb. Pr.* 75.

Japhet M. Thorp and others, sued Angus Ross, in the supreme court, for money paid. Plaintiffs were masons, and made a written contract to erect houses on defendant's land, for a specified sum in gross. The specifications required the construction of a drain from each house, to connect with the sewer. A city ordinance imposed a license fee of ten dollars for each drain thus constructed. The plumber employed by plaintiffs paid the fifty dollars to the city, on tapping the sewer, and plaintiffs reimbursed him, and now sought to recover the amount from defendant.

At the trial, after proof of these facts, defendant was allowed, under exception, to prove a conversation had between one of the plaintiffs and himself, before executing the written building contract, and while the negotiations between the parties were closing. The conversation was to this effect :.

*Amasa J. Parker*, for plaintiff, respondent ;—Cited, Rodgers *v.* Fletcher, 13 *Abb. Pr.* 299; 1 *Greenl. Ev.* § 50 ; 277, and cases there cited ; Lewis *v.* Blake, 10 *Bosw.* 198 ; Corning *v.* Corning, 6 *N. Y.* [2 *Seld.*] 97 ; Cooper *v.* Barber, 24 *Wend.* 105 ; Van Buren *v.* Wells, 19 *Id.* 203 ; Adsit *v.* Wilson, 7 *How. Pr.* 64 ; Roth *v.* Schloss, 6 *Barb.* 308 ; Phincle *v.* Vaughan, 12 *Id.* 215.

BY THE COURT.—DAVIES, Ch. J.—The ruling of the referee was clearly correct. The evidence was properly excluded, for several reasons.

1. The written contract between the parties must be regarded as containing the whole of their agreement upon the subject-matter thereof and as merging therein all prior and cotemporaneous conversations, stipulations, and negotiations in relation thereto (Renard *v.* Sampson, 12 *N. Y.* 561).

2. The testimony offered tended to contradict, alter and vary the written contract between the parties. In the agreement it was stipulated that the size and quality of the stone were to be such as the engineer in charge of the work should approve. The offer was, to show, that the stone to be delivered was to be like a sample exhibited at the time of the execution of the contract, and that the stone delivered was of an inferior quality to the sample. It was not competent for the defendants, thus by parol, to alter, vary, or contradict the written contract.

[Remarks to the effect that the answer did not allege this defense, and that the remaining exceptions were unavailable, are omitted.]

All the judges concurred.

Judgment affirmed, with costs.

Thorp *v.* Ross.

"*Plaintiff :*—Mr. Ross, you ought to pay for tapping the sewers.

"*Defendant :*—No, I will not pay for anything.

"*Architect :*—What do you say, Mr. Thorp; I want this understood ?

"*Plaintiff :*—Well, I suppose I will have to stand it.

"*Architect :*—Well, I will draw up the contract."

The contract drawn and signed made no reference to these fees.

*The supreme court,* on a referee's report in favor of the defendant, held that the parol agreement although made cotemporaneously with the written agreement, was binding as a separate undertaking. The plaintiffs appealed.

*A. C. Morris,* for plaintiffs, appellants ;—Insisted that the law implied a promise to repay this customary and indispensible disbursement; that the parol evidence was inadmissible as varying the contract; citing Rich *v.* Jackson, 4 *Brown's Ch.* 575, and that if regarded as a separate agreement it was without consideration.

*A. B. Millard,* for defendant, respondent ;—Insisted that there was no request proved; and had the parol evidence been rejected, plaintiffs could not recover.

BY THE COURT.—WOODRUFF, J.—The judgment herein cannot, I think, be sustained upon the grounds upon which the decision was placed by the referee, or by the supreme court, to wit, that the parol agreement of the plaintiffs to pay the license fee for tapping the sewer, made cotemporaneously with the execution of the written agreement, was binding upon them though not included in the writing, because it was a separate or collateral undertaking.

The defendant agreed, in writing, to pay to the plaintiffs four thousand seven hundred dollars, and no more.

The plaintiffs, on the other hand, agreed, by the writing, that for that four thousand seven hundred dollars they would do and perform certain work, labor, &c., mentioned therein.

Thorp *v*. Ross.

Now to permit the defendant to show, that it was, at the time of the making of the agreement, verbally stipulated that for that same four thousand seven hundred dollars the plaintiffs should do or pay anything which the writing did not expressly nor impliedly embrace and bind them to do or pay, is to allow the written contract to be altered by parol. Just as much so as it would be altered by permitting the plaintiffs to prove, that, besides the payment of the four thousand seven hundred dollars, the defendant was to do or pay something else as a further compensation for what the plaintiffs, by the writing, agreed on their part to do.

Whatever the plaintiffs were bound to do, was to be paid for by the four thousand seven hundred dollars. Whatever the defendant was bound to pay was to be recompensed by just what the plaintiffs agreed to do. And to each of them the writing is the sole and exclusive evidence. It was not, therefore, competent to show by parol, that for this same four thousand seven hundred dollars the plaintiffs were also to do something which the written agreement did not bind them to do.

It is insisted that the fair interpretation of the writing bound the plaintiffs to perform the work of tapping the sewer, and therefore, by implication, bound them to pay the license fee, without the prepayment of which they could not perform the work.

I express no opinion upon the construction of the contract in that respect, nor on the supposed implication.

My conclusion is, that the judgment should be affirmed upon this very brief statement of the right and duty of the parties, viz. :

The plaintiffs were bound by the true meaning and effect of the written agreement, to procure the license to tap the sewer, and pay therefor, or they were not so bound.

If they were bound by the writing to procure the license and pay therefor, then, of course, they can not recover it from the defendant.

If they were not so bound, then they have paid the money without the defendant's request, and without any authority to pay money on his account; it was a voluntary payment, and imposed on him no legal obligation to refund.

It is asked, were the plaintiffs (if not themselves bound to pay the license fee), bound to suffer the performance of the work to be defeated by the defendant's non-payment of the license fee, and so lose the profits of their contract ?

By no means. Doing on their own part all that they were bound by their contract to do, or all that they could lawfully do, if the defendant failed to remove any obstacle to the complete performance which it was his duty to remove, his neglect or refusal would be to them a perfect excuse, and they could recover all the value of their contract.

If a builder contracts with another to build for him a house upon a specified lot of land, but finds, when he begins to build, that another is in possession, and is, in fact, the owner, the builder can not purchase the lot for the contracting party and recover from him the price paid, on the idea that without such purchase he could not perform his contract and realize the profits thereof.

Or if he finds the lot in the possession of a tenant under an unexpired lease, he can not purchase the unexpired term and charge the purchase money to the contracting owner of the fee.

And so, generally, where one has contracted to perform work, &c., of the description in question, if he find obstacles in the way which can not be removed without the payment of money, and it is the duty of the party contracted with to remove such obstacles, and so enable him to perform his contract, he may require such party to remove them, and if such party refuse he will be excused *pro tanto* from the performance of his contract, and may recover his full profits, but he can not volunteer to pay the money himself, and then compel the other to repay that which he had refused to pay. It would be strange if a request that the plaintiff pay money could be implied from the refusal of the defendant to pay it.

Upon this ground the judgment must be affirmed.

All the judges were understood to concur in holding the parol evidence inadmissible ; a majority concurred in the foregoing opinion for affirmance on the other ground.

Judgment affirmed, with costs.