■ Ïsidor Perlmutter et al., as Copartners Doing Business under the Name of I. & E. Perlmutter, Appellants, v. Timely Toys, Inc., Respondent. — In an action by the owners of a building against its former tenant, the appeal is from so much of an order as denied their motion under rule 113 of the Rules of Civil Practice to dismiss the counterclaim alleged in paragraphs VII and VIII of the answer. That counterclaim sought to recover from appellants rents for the month of March, 1957, received by them from various subtenants, and the amount expended by respondent during that month for elevator services, heat, and other services. The operative facts were conclusively established by the affidavits which were submitted. Respondent had leased the entire building and, as permitted by the lease, occupied a part thereof and sublet the remainder to others. At the expiration of the lease, when respondent held over, summary proceedings were instituted by appellants to obtain possession. By stipulation of the parties, respondent and the undertenants consented to a final order in favor of appellants, with a stay of execution of the warrant as to the undertenants until February 1, 1957 and as to respondent until March 1, 1957. Respondent did not vacate the premises until about March 10, 1957, retaining occupancy over appellants' objection under a series of stays obtained from the Municipal Court of the City of New York and the Appellate Term. It is not disputed that during March, while respondent was in possession, it expended $528.09 for elevator service, heat, and other services which benefited all the tenants in the building, including those who had formerly been its subtenants and with whom appellants had entered into new leases commencing March 1, 1957 and from whom appellants had collected the rents for that month. It also appears, without contradiction, that appellants did not request or demand the performance of those services by respondent, and that they were rendered voluntarily. The Special Term held that respondent was not entitled to recover the rents received by appellants from the subtenants, but denied appellants' motion to dismiss the counterclaim on the ground that the services provided by respondent to the subtenants resulted in expenses to respondent, and benefited the appellants, in that they were spared the cost of providing those services. On this appeal, respondent does not complain of the Special Term's determination with respect to its claim for the rents received by appellants, but asserts only that it is entitled to recover $528.09 incurred in servicing the building during the period of its occupancy in March, 1957. Order modified by striking the word "denied" from the first ordering paragraph and by substituting therefor the words "granted and the said counterclaim is hereby dismissed". As so modified, order insofar as appealed from affirmed, with $10 costs and disbursements to appellants. Under settled authority, respondent may not recover for the services voluntarily rendered. No person can make himself a creditor of another by voluntarily discharging a duty which belongs to that other to perform, and no debt can be implied in law from a voluntary payment of the debt of another. (Cf. *First Nat. Bank of Ballston Spa* v. *Board of Supervisors of Saratoga County*, 106 N. Y. 488, 494; *City of Albany* v. *McNamara*, 117 N. Y. 168, 172; *Thorp* v. *Ross*, 4 Abb. Ct. App. 416; Restatement, Restitution, § 112.) There being no triable issues of fact, appellants' motion for summary judgment should have been granted. Nolan, P. J., Beldock, Murphy, Ughetta and Kleinfeld, JJ., concur.