■ PAUL M. HARRIGAN, Respondent, v LIBERTY MUTUAL FIRE INSURANCE COMPANY, Appellant.—Mikoll, J. Appeal from an order of the Supreme Court (Harris, J.), entered July 6, 1990 in Albany County, which denied defendant's motion for summary judgment dismissing the complaint.

This appeal presents the question whether Supreme Court properly denied defendant's motion for summary judgment on the ground that the language of the insurance contract was ambiguous with respect to the coverage afforded for loss resulting from burglary. In our view Supreme Court erroneously decided that "a material question of fact as to the parties' intent exists which precludes granting summary judgment". We find no ambiguity in the wording of the policy relating to burglary coverage and grant summary judgment to defendant dismissing the complaint.

On or about September 26, 1986, defendant issued a property insurance policy to plaintiff whereby defendant agreed to insure plaintiff's dwelling trailer located on State Route 85 in the Town of Westerlo, Albany County, against certain damages for up to $6,000 to plaintiff's property. This policy consisted of a declarations sheet, a form DP-1 and a form DP-300. Plaintiff claims no other forms were presented to him at the time the policy was executed. The complaint alleged that a burglary was committed at plaintiff's premises during which damages in the sum of $10,320 were sustained. Plaintiff further claimed that although payment under the policy was demanded, defendant refused and failed to pay the amount due plaintiff under the policy of insurance. This litigation seeking damages for breach of the insurance contract resulted.

It is for the court to determine the parties' rights and obligations under an insurance policy based on the specific

language of the policy *(Newin Corp. v Hartford Acc. & Indem. Co.,* 62 NY2d 916, 919; *Hartford Acc. & Indem. Co. v Wesolowski,* 33 NY2d 169, 172). "This is obviously so where there is no ambiguity" *(Hartford Acc. & Indem. Co. v Wesolowski, supra,* at 172). "If there is ambiguity in the terminology used, however, and determination of the intent of the parties depends on the credibility of extrinsic evidence or on a choice among reasonable inferences to be drawn from extrinsic evidence, then such determination is to be made by the jury" *(supra,* at 172). Where, "there are no questions of credibility and no inferences to be drawn from extrinsic evidence, the interpretation of the insurance policy is an issue of law which can be decided by this court on appellate review" *(State of New York v Home Indem. Co.,* 66 NY2d 669, 672). The instant case does not contain any ambiguity requiring extrinsic evidence and, thus, a jury trial is unnecessary.

The policy of insurance in question did not name "burglars" or "burglary" as one of the perils covered by the policy. No premium was paid for either the peril of burglary or for vandalism or malicious mischief according to the declarations portion of the policy.

Plaintiff contends that the following language used in form DP-300 under the heading "Special Provisions" created an ambiguity in the policy which should be resolved in his favor: "PERILS INSURED AGAINST 4. Riot or civil commotion. This peril is deleted and replaced by the following: 4. Riot or civil commotion, including looting and pillaging occurring at the same time and place of a riot or civil commotion. DP-2; DP-3 (Coverage C Personal Property) The peril of *Burglars* is deleted and the following substituted: Damage by Burglars, meaning damage to covered property caused by burglars. This peril does not include: a. theft of property; or b. damage caused by burglars to property on the Described Location if the dwelling has been vacant for more than 30 consecutive days immediately before the damage occurs" (emphasis supplied). However, form DP-1 clearly states under the heading "Coverages": "This insurance applies to the Described Location, Coverages for which a Limit of Liability is shown and Perils Insured Against for which a Premium is stated." The declaration sheet listed "fire" and "extended coverage" under "perils insured against" and specified the premium paid for each. Form DP-1 further provided in bold type that: "When a Premium for Extended Coverage is shown in the Declarations, Perils 2 through 7 are made part of Perils Insured Against." Perils 2 through 7 contained no reference to burglars or

burglary. Form DP-300, an endorsement form, contained under the heading "special provisions" clauses modifying "coverages", "perils insured against", "general exclusions" and "conditions". The textual structure employed clearly indicates that these clauses are modifications of provisions of the policy set forth elsewhere. As plaintiff did not pay any premium for the peril of "burglars" or "burglary", the fact that there was a modification relating to such perils cannot be construed to give plaintiff coverage for that peril. The "coverages" provision requiring payment of a premium for such peril rules out such an interpretation.

Construing the provisions of the policy in harmony and giving the words their plain meaning, we are constrained to reject plaintiff's contentions. Supreme Court should therefore have granted defendant's motion for summary judgment and dismissed the complaint.

Order reversed, on the law, without costs, motion granted, summary judgment awarded to defendant and complaint dismissed. Mahoney, P. J., Casey, Mikoll, Levine and Mercure, JJ., concur.