■ State of New York, Appellant, v U.W. Marx, Inc., Respondent. [618 NYS2d 135] —White, J. Appeal from an order of the Supreme Court (Canfield, J.), entered July 1, 1993 in Rensselaer County, which, *inter alia,* granted defendant's motion for summary judgment dismissing the complaint.

The issue on this appeal is whether Hanover Insurance Company (hereinafter Hanover), as subrogee of plaintiff, can seek indemnification from defendant. The underlying facts are that, pursuant to its contract with plaintiff to act as general contractor on a construction project at Chateaugay Correctional Facility in Franklin County, defendant purchased two insurance policies from Hanover; an owner's and contractor's protective liability policy (hereinafter OCP) covering plaintiff and a general contractor's liability policy (hereinafter GCL) for itself. Subsequently, an employee of defendant, John Bigtree, sustained a work-related injury and commenced a personal injury action in the Court of Claims against plaintiff. After the Court of Claims awarded Bigtree summary judgment on the issue of liability, plaintiff commenced this action seeking indemnification from defendant. Following the service of its answer, defendant moved for summary judgment dismissing the complaint. Plaintiff responded by cross-moving for leave to amend its complaint to include the fact that the Bigtree action had been settled for $160,000[1] and to amend the caption to name Hanover, as plaintiff's subrogee, as a party plaintiff. Plaintiff also sought an order dismissing defendant's five affirmative defenses. Supreme Court granted defendant's motion, finding that Hanover had no right of subrogation in this matter. The cross motion was denied as academic. Plaintiff appeals.

Our analysis begins with *North Star Reins. Corp. v Continental Ins. Co.* (82 NY2d 281), which reaffirmed the antisubrogation rule which provides that an insurance carrier cannot sue its own insured for the very risk for which the insured was covered. The critical issue, as exemplified by *North Star,*

---

1. By reason of this settlement, Hanover concedes that it is barred by General Obligations Law § 15-108 from seeking contribution from defendant. We note that General Obligations Law § 15-108 has no application to claims for indemnification *(see, McDermott v City of New York,* 50 NY2d 211, 220).

in ascertaining whether the antisubrogation rule applies is whether the policies issued by the same carrier for two or more insureds cover the same risk *(see, supra,* at 295). In *North Star,* the Court of Appeals held that the rule did not apply because exclusions in one policy rendered it inapplicable to the loss *(supra,* at 296). Hanover urges us to follow *North Star* here in light of certain exclusionary language in its GCL policy.

Admittedly, this argument was not raised before Supreme Court. Our consideration of it is not foreclosed, however, since the interpretation of an insurance policy is an issue of law which appeared upon the face of the record and could not have been avoided by defendant if brought to its attention at the proper time *(see, Matter of Daubman v Nassau County Civ. Serv. Commn.,* 195 AD2d 602; *Harrigan v Liberty Mut. Fire Ins. Co.,* 170 AD2d 930). Moreover, defendant discussed this issue in its brief.

To establish that both its policies do not cover the same risks, plaintiff points out that the Bigtree claim was not covered under the GCL policy as it excluded from coverage bodily injury to Marx's employees arising out of and in the course of their employment, which exclusion applied to any obligation to "repay someone else who must pay damages because of the injury". Defendant maintains that this exclusion is not applicable because of an exception to it contained in the GCL policy. It is well settled that where, as here, the existence of coverage depends entirely on the applicability of an exception to an exclusion, the insured has the duty of demonstrating that the exception governs *(see, Redding-Hunter v Aetna Cas. & Sur. Co.,* 206 AD2d 805).

The exception defendant relies on states that the bodily injury exclusion does not apply to liability it assumed under an "insured contract". The policy states that words and phrases, like "insured contract", appearing in quotation marks have special meanings which are set forth in section V of the policy. This section of the GCL policy is not included in the record[2] nor has defendant come forward with evidentiary proof showing that its contract with plaintiff falls within the

---

**2.** Section V of the OCP policy is included in the record. The definition of an "insured contract" therein is:

"a. a lease of premises;

"b. a sidetrack agreement;

"c. an easement or license agreement in connection with vehicle or pedestrian private railroad crossings at grade;

"d. any other easement agreement * * *

policy's definition of an "insured contract". Therefore, we find that it has not shown that the subject exception applies in this instance. Consequently, Supreme Court erred in awarding defendant summary judgment since the antisubrogation rule does not apply due to the fact that both policies do not cover the same risk and Hanover is not seeking indemnification from defendant for a claim arising from a risk for which it insured defendant.

Our reversal of Supreme Court's order revives plaintiff's cross motion. Because we have the same power and discretion as Supreme Court, and as the record herein is complete, we will decide the motion (see, Meraner v Albany Med. Ctr., 199 AD2d 740).

In view of defendant's lack of opposition to plaintiff's application for leave to amend its complaint and for an order dismissing its first and fifth affirmative defenses, the only issue extant is whether defendant's second, third and fourth affirmative defenses should be dismissed.

We shall dismiss the second and fourth affirmative defenses since they have been vitiated by our finding that the antisubrogation rule does not apply to this case. We shall also dismiss the third affirmative defense since an insurer that has been compelled under its policy to pay a loss is entitled to recover as an equitable subrogee against negligent third parties (see, Federal Ins. Co. v Andersen & Co., 75 NY2d 366, 372).

Cardona, P. J., Mikoll, Mercure and Casey, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion denied, cross motion granted and the affirmative defenses contained in the answer are dismissed.

---

"e. an indemnification of a municipality as required by ordinance, except in connection with work for a municipality;

"f. an elevator maintenance agreement."

Clearly if, as likely, the same definition appears in the GCL policy, the contract between defendant and plaintiff is not encompassed therein.