MITCHELL W. ZAHNO, Plaintiff, v DONALD URQUART, Doing Business as URQUART CONTRACTING, et al., Defendants. R & S LEASING AND EQUIPMENT SALES, INC., Third-Party Plaintiff-Appellant, v MODERN LANDFILL, INC., Third-Party Defendant-Respondent. [625 NYS2d 111] —Order unanimously reversed on the law with costs, motion denied, third-party complaint reinstated and cross motion granted. Memorandum: Plaintiff, a mechanic employed by third-party defendant, Modern Landfill, Inc. (Modern Landfill), was injured on the job

while repairing a bulldozer owned by defendant Urquart Contracting (Urquart). The bulldozer was temporarily in the possession of defendant third-party plaintiff R & S Leasing and Equipment Sales, Inc. (R & S) and was being used by Modern Landfill at its Lewiston, New York, site. Plaintiff commenced a negligence action against Urquart and R & S. R & S commenced a third-party action against Modern Landfill seeking contribution and/or indemnification. Modern Landfill's answer asserted, *inter alia,* four principal affirmative defenses: (1) that R & S had workers' compensation insurance issued by the State Insurance Fund that covered plaintiff's injuries; (2) that R & S has been preindemnified by a policy of liability insurance that named R & S as an additional insured; (3) that the attorneys for R & S were retained by the insurance carrier that covers R & S for the accident alleged in plaintiff's complaint and could not sue Modern Landfill; and (4) that, as alleged in (2), R & S had been preindemnified under the aforementioned contract of liability insurance.

It is undisputed that R & S and Modern Landfill are sister corporations that are wholly owned subsidiaries of Modern Disposal Services, Inc. (Modern Disposal). In addition, R & S and Modern Landfill are both named as insureds under a commercial general liability insurance policy issued by the American Home Assurance Company to Modern Disposal.

Modern Landfill brought a motion for summary judgment seeking to dismiss the third-party complaint on the basis of the antisubrogation rule, asserting that the third-party action was an improper attempt by the insurer to subrogate against its own insured. R & S opposed the motion and cross-moved to dismiss the first four affirmative defenses. R & S asserted that the antisubrogation rule does not apply in the circumstances of this case because the liability policy excludes coverage for bodily injury to an employee of the insured arising out of and in the course of employment by the insured and Modern Landfill was covered for this risk by its workers' compensation carrier, the State Insurance Fund, which was providing a defense to the third-party action. Therefore, the insurer was not seeking subrogation against its own insured for a risk for which it contracted to provide coverage.

Supreme Court erred in summarily dismissing the third-party complaint of R & S and in denying the cross motion of R & S to dismiss the first four affirmative defenses.

Plaintiff seeks money damages for injuries sustained during

the course of his employment. The general liability policy contains an exclusion for "bodily injury" to "an employee of the insured arising out of and in the course of employment by the insured". The policy further provides that the exclusion applies "whether the insured is or may be held liable as an employer or in any other capacity and * * * to any obligation to share damages with or repay someone else who must pay damages because of the injury". Because the bodily injury to an employee exclusion in the general liability policy renders that policy inapplicable to the loss, the antisubrogation rule does not apply (see, North Star Reins. Corp. v Continental Ins. Co., 82 NY2d 281; State of New York v U. W. Marx, Inc., 209 AD2d 784).

Reversal revives the cross motion of R & S to dismiss the affirmative defenses set forth in Modern Landfill's answer. Because we have the same power and discretion as Supreme Court and the record is complete, we can decide the cross motion (see, State of New York v U. W. Marx, Inc., supra; Meraner v Albany Med. Ctr., 199 AD2d 740, 742). The first affirmative defense has no merit because the provisions of the Workers' Compensation Law do not bar a third-party action against the employer for indemnification or contribution (see, Dole v Dow Chem. Co., 30 NY2d 143, 152). The remaining affirmative defenses at issue are likewise without merit and must be dismissed for reasons hereinbefore set forth (see, North Star Reins. Corp. v Continental Ins. Co., supra). (Appeal from Order of Supreme Court, Niagara County, Mintz, J.— Summary Judgment.) Present—Pine, J. P., Lawton, Wesley, Callahan and Doerr, JJ.