■ RELIANCE INSURANCE COMPANY, Respondent, v STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant. [664 NYS2d 958] —In an action for a judgment declaring, inter alia, that the plaintiff is entitled to reimbursement from the defendant based on the defendant's wrongful refusal to tender the proceeds of a certain automobile insurance policy, the defendant appeals from an order of the Supreme Court, Nassau County (Lockman, J.), entered September 26, 1996, which granted the plaintiff's motion for summary judgment and denied its cross motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is denied, the cross motion is granted, the com-

plaint is dismissed, and the matter is remitted to the Supreme Court, Nassau County, for the entry of a judgment declaring that the defendant is not obligated to reimburse the plaintiff under an automobile insurance policy issued to Dawn Brennan.

The Supreme Court should have granted the cross motion of the defendant, State Farm Mutual Automobile Insurance Company (hereinafter State Farm), for summary judgment dismissing the complaint. State Farm established that it was entitled to judgment as a matter of law and the plaintiff, Reliance Insurance Company (hereinafter Reliance), failed to refute that showing (*see, Zuckerman v City of New York*, 49 NY2d 557). Specifically, State Farm demonstrated that Reliance was a "mere volunteer or intermeddler" with no right to seek indemnification for a loss it was not obligated to pay in the first instance (*Koehler v Hughes*, 148 NY 507, 511; *see also, National Union Fire Ins. Co. v Ranger Ins. Co.*, 190 AD2d 395). Accordingly, the complaint should have been dismissed.

The parties' remaining contentions either lack merit or need not be addressed in light of the foregoing determination. Bracken, J. P., Copertino, Sullivan and McGinity, JJ., concur.