■ JAMES FRANKLIN et al., Plaintiffs, v STILLWATER HYDRO PARTNERS, L.P., Defendant and Third-Party Plaintiff-Respondent. NEWRIC CONSTRUCTION COMPANY, INC., Third-Party Defendant-Appellant. [679 NYS2d 494] —Order unanimously affirmed with costs. Memorandum: As limited by its brief, third-party defendant, Newric Construction Company, Inc. (Newric), appeals from an order insofar as it denied Newric's motion for summary judgment dismissing the third-party complaint of defendant and third-party plaintiff, Stillwater Hydro Partners, L.P. (Stillwater). Newric's sole contention is that Newric is an "additional insured" under a policy issued to Stillwater by Great American Insurance Company (Great American), which is defending Stillwater in the action and is prosecuting the third-party complaint against Newric on behalf of Stillwater. Newric thus contends that Stillwater's third-party action against Newric is barred by the antisubrogation rule.

Supreme Court properly denied Newric's motion. The action against Stillwater arises out of personal injury to an employee of Newric. An exclusion to the Great American policy withholds coverage for claims arising out of personal injury to an employee of an insured. "Because the bodily injury to an employee exclusion in the general liability policy renders that policy inapplicable to the loss, the antisubrogation rule does not apply" (*Zahno v Urquart*, 213 AD2d 1004, 1006, citing

*North Star Reins. Corp. v Continental Ins. Co.*, 82 NY2d 281, and *State of New York v U. W. Marx, Inc.*, 209 AD2d 784; *see also, Monteleone v Crow Constr. Co.*, 242 AD2d 135, 140; *National Union Fire Ins. Co. v State Ins. Fund*, 222 AD2d 369, 371-372). (Appeal from Order of Supreme Court, Cayuga County, Corning, J.—Summary Judgment.) Present—Denman, P. J., Green, Hayes, Callahan and Balio, JJ.