■ MICHAEL DiMAGGIO, Plaintiff, v CHASE MANHATTAN BANK et al., Defendants, STRUCTURE TONE CONSTRUCTION CO., INC., Respondent, and RAISED COMPUTER FLOORS, INC., Appellant. (And a Third-Party Action.) [698 NYS2d 656] —Judgment, Supreme Court, New York County (Elliott Wilk, J.), entered January 4, 1999, granting Structure Tone Construction Co. (Structure) partial summary judgment on its cross-claims and directing Raised Computer Floors, Inc. (Computer) to pay Structure for all defense costs incurred since the inception of the lawsuit, including present and future defense costs, and to indemnify Structure for any resulting damages that may be awarded to plaintiff, unanimously reversed, on the law, without costs, and partial summary judgment denied.

The motion court erred in granting Structure's motion for partial summary judgment on its cross-claims. First, it was error to grant the motion as to the first, third and fourth cross-claims because the affidavit in support of the motion offered no evidentiary showing in support of those claims for indemnification, let alone "a prima facie showing of entitlement to judgment as a matter of law * * * sufficient * * * to demonstrate the absence of any material issues of fact" (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324). In the absence of such proof by a summary judgment proponent, the motion must be denied, even if the opposing papers are insufficient to defeat the motion (*supra*). Next, while the supporting affidavit did allege proof in support of the second cross-claim, breach of duty to procure insurance coverage naming Structure as additional insured, Computer offered in opposition a certificate of insurance representing the agreed-upon coverage. Such evidence raised an issue of fact as to coverage on summary judgment, although it was not sufficient, standing alone, to establish coverage here as a matter of law (*Horn Maintenance Corp. v Aetna Cas. & Sur. Co.*, 225 AD2d 443, 444). Consequently, summary judgment should have been denied as to that cross-claim as well.

However, Computer's denials in response to the properly utilized notice to admit the authenticity of the certificate of insurance, the same document that Computer subsequently submitted in opposition to Structure's motion, cannot be justified and should be strongly condemned. Such conduct unneces-

sarily precipitated the motion for summary judgment and this appeal, squandering a significant amount of Structure's and the court's resources. Concur—Sullivan, J. P., Williams, Rubin and Andrias, JJ.