■ TIMOTHY LONG, Appellant-Respondent, v TISHMAN/HARRIS et al., Respondents-Appellants. [855 NYS2d 102]—

Order, Supreme Court, New York County (Rosalyn R. Richter, J.), entered January 8, 2007, which, insofar as appealed from as limited by the briefs, granted defendants' motions for summary judgment dismissing plaintiff's cause of action under Labor Law § 241 (6), denied defendant contractor's motion for summary judgment on its third cross claim against defendant construction manager for breach of contract to procure insurance, and, on a search of the record, denied the construction manager's request for summary judgment dismissing such third cross claim, unanimously affirmed, without costs.

Plaintiff was injured while connecting a 66,000-pound girder to vertical steel columns on the roof of the building under construction. Plaintiff was standing on a beam some 60 feet above the ground when the operator of the mobile crane hoisting the girder, following a communication from plaintiff to bring the girder closer, rolled the crane forward about two feet with the girder still hoisted in the air. According to plaintiff, this was incorrect procedure by the crane operator; he should have lowered his load before rolling the crane forward and then relifted the load after the crane was where he wanted it to be. Plaintiff asserts that the movement of the crane caused the girder to dangerously swing, which plaintiff attempted to control by grabbing onto one of the girder's ends, but the other end hit a safety railing on the roof of an adjacent building. Plaintiff asserts this safety railing was a substantial piece of steel that withstood the impact of the girder and caused its momentum to shift toward the end that plaintiff was holding. In the process, plaintiff's shoulder was injured.

Plaintiff argues that 12 NYCRR 23-8.1 (f) (2) ("During the hoisting operation the following conditions shall be met: . . . [ii] The load shall not contact any obstruction") was violated when the girder came into contact with the safety railing on the roof of the adjacent building. The motion court, in the absence of case law construing this provision, properly relied on the dic-

tionary definition of "obstruction" as something that hinders passage (Merriam-Webster's Collegiate Dictionary 803 [10th ed 1995]), and correctly held, in effect, that the girder could not be obstructed by anything once it left its intended track toward plaintiff and began to swing uncontrollably. Nor does 12 NYCRR 23-8.2 (g) (1) (ii), which lists factors that must be taken into account in determining mobile crane stability ("freely suspended loads, track, wind or ground conditions, condition and inflation of tires, boom lengths and proper operating speeds for existing conditions"), avail plaintiff, given no evidence, or indeed claim, that the girder began to swing because factors like these were not taken into account. Rather, the reason the girder began to swing, according to plaintiff, was the action of the crane operator in rolling the crane forward with the girder still hoisted. No Industrial Code provision is cited for this claimed safety violation.

Under the circumstances, the certificate of insurance produced by the construction manager was sufficient by itself to raise an issue of fact as to whether it procured insurance for the steel contractor but not sufficient by itself to establish coverage as a matter of law (*see DiMaggio v Chase Manhattan Bank*, 266 AD2d 89 [1999]). Concur—Tom, J.P., Saxe, Nardelli and Williams, JJ.