■ HEDLEY'S, INC., Respondent, v AIRWAVES GLOBAL LOGISTICS, LLC, Appellant. [15 NYS3d 84]—

In an action to recover damages for gross negligence, breach of the implied covenant of good faith and fair dealing, and intentional infliction of economic harm, the defendant appeals from an order of the Supreme Court, Kings County (Bunyan, J.), dated November 25, 2013, which denied its motion for summary judgment dismissing the complaint or, in the alternative, for summary judgment limiting damages to the cap set forth in the Convention for International Carriage by Air, or, in the alternative, limiting damages to the cap set forth in an agreement between the parties.

Ordered that the order is reversed, on the law, with costs, that branch of the defendant's motion which was for summary judgment dismissing the complaint is granted, and the motion is otherwise denied as academic.

The plaintiff is an international exporter of fine art, collectibles, and antiques. In 2011, it agreed to export a collection of nineteenth century Japanese artwork from New York to a consignee in London. The contract between the plaintiff and the consignee, known as the "Terms of Trading," contained a limitation of liability provision. Specifically, provision 25 (A) of the contract stated that the plaintiff's liability "shall not exceed . . . in the case of an error and/or omission . . . $40,000 in the aggregate."

On May 2, 2011, the plaintiff hired the defendant, a customs broker and freight forwarder, to transport the collection from New York to London. Upon arriving in London, the collection was seized by United Kingdom Customs because it lacked adequate documentation. The plaintiff thereupon paid the consignee the sum of $239,189, which was the entire loss the consignee suffered as a result of the seizure. The plaintiff recovered $40,000 of that sum from its insurance carrier. Thereafter, the plaintiff commenced this action to recover the sum of $239,189, plus interest and punitive damages, from the defendant. The defendant moved for, among other things, summary judgment dismissing the complaint on the basis of the voluntary payment doctrine. The Supreme Court denied the motion and the defendant appeals.

"[T]he voluntary payment doctrine . . . bars recovery of payments voluntarily made with full knowledge of the facts, and in the absence of fraud or mistake of material fact or law" (*Dillon v U-A Columbia Cablevision of Westchester*, 100 NY2d 525, 526 [2003]). Here, the defendant established its prima facie entitlement to judgment as a matter of law through the submission of, among other things, a copy of the contract between the plaintiff and the consignee, which included the limitation of li-

ability provision that capped the plaintiff's liability to the consignee at $40,000. This demonstrated, prima facie, that the plaintiff's payment to the consignee of anything more than $40,000 was voluntary (*see Merchants Mut. Ins. Group v Travelers Ins. Co.*, 24 AD3d 1179, 1180-1181 [2005]; *Reliance Ins. Co. v State Farm Mut. Auto. Ins. Co.*, 243 AD2d 456, 457 [1997]; *National Union Fire Ins. Co. v Ranger Ins. Co.*, 190 AD2d 395, 397 [1993]). Further, the defendant demonstrated, prima face, that the plaintiff recovered the full $40,000 for which it was liable to the consignee from its insurance company.

In opposition, the plaintiff failed to raise a triable issue of fact.

Accordingly, the Supreme Court should have granted that branch of the defendant's motion which was for summary judgment dismissing the complaint, and denied the remaining branches of the defendant's motion as academic.

In light of our determination, we need not reach the defendant's remaining contentions. Skelos, J.P., Hall, Roman and Duffy, JJ., concur.