Lahtinen, J.
Cross appeal from an order of the Supreme Court (Reynolds Fitzgerald, J.), entered January 23, 2015 in Broome County, which, among other things, partially granted defendant’s motion for summary judgment dismissing the complaint.
Plaintiff Patrick Hebbard’s employer contracted to repair the parking garage at defendant’s hospital. During the project, a stack of scaffold frames tipped onto Hebbard when he attempted to move one. The frames were from disassembled scaffold that had been used in the project. The frames had ostensibly been stacked using a forklift, starting with an initial frame resting against a garage column and then lining others up, each standing on the garage floor, until there were 30 frames standing vertically and extending from the column. The rectangular frames were uniform in size at about six feet by four or five feet with an estimated weight of 45 to 50 pounds. Hebbard had been assigned to move the frames from the pile and place them into groups of 20 so that they could be bound together for removal from the work site. As he attempted to move one of the frames, others toppled onto him causing injuries.
Hebbard, and his wife derivatively, commenced this action alleging causes of action under Labor Law §§ 200, 240 (1) and 241 (6) as well as common-law negligence. Following discovery, defendant moved for summary judgment dismissing the complaint. Although plaintiffs conceded to dismissal of the common-law negligence and Labor Law § 200 causes of action, they otherwise opposed defendant’s motion and cross-moved for partial summary judgment on their Labor Law § 240 (1) *1151 cause of action. Supreme Court denied plaintiffs’ cross motion and granted defendant’s motion except with regard to the Labor Law § 241 (6) cause of action predicated on 12 NYCRR 23-2.1 (a) (1). This cross appeal ensued.
Plaintiffs contend that Supreme Court erred in dismissing their Labor Law § 240 (1) cause of action. We are unpersuaded. In Oakes v Wal-Mart Real Estate Bus. Trust (99 AD3d 31 [2012]), a case involving a 5V2-foot high, heavy steel truss that was located at ground level and tipped onto a worker who also was at ground level, we held that the “plaintiff was exposed to the usual and ordinary dangers of a construction site, and not the extraordinary elevation risks envisioned by Labor Law § 240 (1)” (id. at 40 [internal quotation marks, brackets and citations omitted]). We discussed at length in Oakes recent Court of Appeals cases (id. at 36-39), including Wilinski v 334 E. 92nd Hous. Dev. Fund Corp. (18 NY3d 1 [2011]), a case upon which plaintiffs place considerable reliance. More recently, we held — in a case involving a scaffold frame tipping from not more than two feet above the worker’s head — that the “plaintiff’s injury, caused by the tipping frame or scaffold component, did not fall within the scope of Labor Law § 240 (1)” (Christiansen v Bonacio Constr., Inc., 129 AD3d 1156, 1158 [2015] [citation omitted]). Here, Hebbard was six feet tall. The frames were about the same height as Hebbard and they were located on the same level as him. He was engaged in moving them from one place on the garage floor to another place on the same floor and did so by carrying one at a time. As he picked up one frame, other frames also located on the same level tipped over. Under the circumstances and in light of recent precedent, the Labor Law § 240 (1) cause of action was properly dismissed.
Defendant argues that the Labor Law § 241 (6) cause of action should have been dismissed in its entirety since 12 NYCRR 23-2.1 (a) (1) does not apply. Elements of a viable Labor Law § 241 (6) cause of action include “the violation of a regulation setting forth a specific standard of conduct applicable to the working conditions which existed at the time of the injury and that the violation was the proximate cause of the injury” (Scribner v State of New York, 130 AD3d 1207, 1210 [2015] [internal quotation marks and citations omitted]; see Copp v City of Elmira, 31 AD3d 899, 899 [2006]). “The Industrial Code should be sensibly interpreted and applied to effectuate its purpose of protecting construction laborers against hazards in the workplace” (St. Louis v Town of N. Elba, 16 NY3d 411, 416 [2011] [citation omitted]).
*1152 The relevant regulation provides: “All building materials shall be stored in a safe and orderly manner. Material piles shall be stable under all conditions and so located that they do not obstruct any passageway, walkway, stairway or other thoroughfare” (12 NYCRR 23-2.1 [a] [1]). The term “material” is not defined in the regulations or established by case law, and it is appropriate under such circumstances to consider the dictionary definition of “material” (see Long v Tishman/Harris, 50 AD3d 356, 356-357 [2008]; see also De La Cruz v Caddell Dry Dock & Repair Co., Inc., 21 NY3d 530, 534 [2013]). Such definitions include: “apparatus (such as tools or other articles) necessary for doing or making something” (Webster’s Third New International Dictionary, Unabridged [Merriam-Webster 2016], material [http://unabridged.merriam-webster.com/ unabridged/material]); “[t]he things that are used for making or doing something” (Black’s Law Dictionary [10th ed 2014], material); and “the elements, constituents, or substances of which something is composed or can be made” (Merriam-Webster Online Dictionary, material [http://www.merriamwebster.com/dictionary/material]). The piled component parts of a disassembled scaffold come within such definitions, as well as a sensible understanding of a material pile at a construction site that should be stable. Indeed, the size, weight and positioning of the scaffold frames here were similar to the pile of sheetrock left leaning against a wall that fell on a worker and found to come within the ambit of the regulation in Rodriguez v DRLD Dev., Corp. (109 AD3d 409, 409-410 [2013]). Accordingly, we decline to disturb Supreme Court’s decision.
Peters, P.J., Garry, Rose and Clark, JJ., concur. Ordered that the order is affirmed, without costs.