Waverly Stores Assoc. v Waverly Mews Corp. (2021 NY Slip Op 03566)





Waverly Stores Assoc. v Waverly Mews Corp.


2021 NY Slip Op 03566


Decided on June 08, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 08, 2021

Before: Renwick, J.P., Kern, Scarpulla, Mendez, JJ. 


Index No. 156981/18 Appeal No. 14019 Case No. 2020-03209 

[*1]Waverly Stores Associates, Plaintiff-Respondent,
v
Waverly Mews Corp., Defendant-Appellant.


Romer Debbas, LLP, New York (Steven Kirkpatrick of counsel), for appellant.
Pryor Cashman LLP, New York (Steven M. Rabinowitz of counsel), for respondent.



Order, Supreme Court, New York County (Alan C. Marin, J.), entered on or about June 25, 2020, which denied defendant's motion for partial summary judgment, unanimously affirmed, with costs.
The court properly denied defendant landlord's motion for summary judgment. Defendant failed to establish, as a matter of law, that its proposed insurance requirements were automatically deemed reasonable by operation of the stipulation signed by the parties. The stipulation referred to a chart listing alleged insurance deficiencies, provided a means of objecting if plaintiff tenant found the insurance requirements to be unreasonable, and set forth a process for the parties to address their disagreements. It further provided that if the parties could not agree, the reasonableness of the insurance requirements would be determined by the court. However, the chart setting forth plaintiff's alleged insurance deficiencies was not included with the stipulation, and the stipulation does not otherwise indicate what the proposed insurance requirements were. Consideration of extrinsic evidence is necessary to establish the intent of the parties (see generally 37 E. 50th St. Corp. v Restaurant Group Mgt. Servs., L.L.C., 156 AD3d 569, 570 [1st Dept 2017]).
In any event, the stipulation states that if plaintiff does not meet and confer with defendant within two weeks regarding disagreements over the reasonableness of the proposed insurance requirements, then the requirements will be deemed reasonable. But contrary to defendant's contention, it does not contain language establishing that submission of a statement indicating why the proposed insurance requirements were unreasonable was a condition precedent to a meet and confer (see generally VXI Lux Holdco S.A.R.L. v SIC Holdings, LLC, 171 AD3d 189, 195 [1st Dept 2019]). Questions of fact exist as to whether plaintiff requested a meet and confer in the time allotted by the stipulation.
Defendant also did not meet its initial burden of establishing that plaintiff breached the lease by failing to name defendant as an additional insured on its liability policy. The lease here allowed for plaintiff to submit to defendant either the insurance policies or certificates (cf. Tribeca Broadway Assoc. v Mount Vernon Fire Ins. Co., 5 AD3d 198, 200 [1st Dept 2004]), and pointing to gaps in plaintiff's proof of coverage was not sufficient to meet defendant's burden of establishing entitlement to summary
judgment (see generally Hairston v Liberty Behavioral Mgt. Corp., 157 AD3d 404, 406 [1st Dept 2018], lv denied 31 NY3d 1036 [2018]; see also Long v Tishman/Harris, 50 AD3d 356, 357 [1st Dept 2008]).
We have considered defendant's remaining arguments and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 8, 2021